**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**RELIANT ENERGY SERVICES, INC.;
Jackie R. Thomas; V. Reginald Howard, II; Lisa L. Flowers; J. Kevin Frankeny, Defendants—Appellees.**

No. 05–10713.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2006.

Decided July 5, 2006.

---

Barbara J. Valliere, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellant.

William H. Goodman, Esq., Topel & Goodman, George J. Cotsirilos, Jr., Esq., Cotsirilos & Campisano, Mary G. McNamara, Esq., Swanson & McNamara, LLP, Nancy Clarence, Clarence & Snell, LLP, San Francisco, CA, John L. Williams, Esq., Manchester, Williams & Seibert, San Jose, CA, for Defendants–Appellees.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,* Senior Judge.

## MEMORANDUM **

The Government appeals interlocutorily the district court's pre-trial exclusion of the Market Monitoring Information Protocol ("MMIP"). We have jurisdiction pursuant to 18 U.S.C. § 3731. We affirm in part and remand in part.

■ We affirm the district court's exclusion of the MMIP for purposes of supplying the definition of "illegitimate" conduct,

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which is necessary to establish two elements of the charged crime: artificial price and creation of an artificial price. Admission of the MMIP risked overwhelming the jury's ability to define "illegitimate" conduct itself.[1]

■ We remand because it is unclear from the record whether the district court considered admitting the MMIP to prove intent and motive.[2] If it did consider the MMIP for those purposes, then the court should include its reasoning in the record. However, if it did not, remand will afford the district court an opportunity to assess the Government's argument that the MMIP provides evidence regarding intent that its expert's testimony cannot.[3]

AFFIRMED IN PART, REMANDED IN PART.

---

1. *See United States v. Wolf*, 820 F.2d 1499, 1505 (9th Cir.1987) (excluding evidence of a civil regulation to define an element of a criminal statute).

2. *Id.* (upholding the admission of civil violations as background information necessary to the jury's understanding of the case); *United States v. Smith*, 891 F.2d 703, 710 (9th Cir. 1989) (upholding admission to show intent); *see also United States v. Brown*, 912 F.2d 1040, 1042 (9th Cir.1990).

3. *See* Fed.R.Evid. 403 (providing courts with discretion to exclude cumulative evidence).